UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSO BAILEY;<br><br>                Plaintiff,<br>vs.<br><br>CITY OF EL CAJON, M. BEVAN #236, and 25 UNKNOWNS;<br><br>                Defendants. | CASE NO. 12cv0161 WQH (WVG)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendants City of El Cajon and M. Bevan. (ECF No. 9).

**BACKGROUND**

On January 19, 2012, Plaintiff Russo Bailey, proceeding pro se and in forma pauperis, initiated this action by filing a Complaint " against Defendants City of El Cajon, M. Bevan, and twenty-five unknown persons. (ECF No. 1).

On March 19, 2012, Defendants filed a Motion to Dismiss and a Request for Judicial Notice. (ECF No. 10). On March 21, 2012, Plaintiff filed an opposition. (ECF No. 11). On March 26, 2012, Defendants filed a supplemental memorandum in support of the Motion to Dismiss. (ECF No. 13).

**ALLEGATIONS OF THE COMPLAINT**

On December 9, 2006, Defendant Bevan and fifteen unknown City of El Cajon police officers "injected a poison gas... into the confined rear section of Plaintiff's vehicle... while

Plaintiff was within." (ECF No. 1 at 3). Plaintiff exited the vehicle, at which point the officers kidnapped and falsely imprisoned him. Defendant Bevan and unknown officers vandalized Plaintiff's property and attempted to murder him with the poison gas. Exposure to the poison gas contributed to Plaintiff's subsequent cancer diagnosis.

On May 22, 2011, El Cajon police officers Elders and Johns kidnapped and imprisoned Plaintiff and robbed Plaintiff of his vehicle. On July 27 and August 3, 2012, Plaintiff attempted to regain possession of his "toxic saturated" vehicle from the towing company, but the company informed him that the vehicle had been sold. *Id.* at 5-6.

The Complaint asserts six "causes of action" and six "claims for relief" against Defendants, generally alleging the following: assault, attempted voluntary manslaughter, attempted murder, kidnapping, vandalism, false arrest, false imprisonment, robbery, excessive force, intentional infliction of emotional distress, and failure to investigate, supervise or discipline officer misconduct. Plaintiff seeks "permanent injunctive relief that prevents the defendants in any way, reporting any and all information connected with this action or any illegal information suggesting bad history of the plaintiff to any other person or organization...." *Id.* at 9-10. Plaintiff seeks damages for the loss of his vehicle, costs of medical treatment, pain and suffering, along with punitive and compensatory damages.

## DISCUSSION

### I. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to

raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

## II.     Defendants' Motions to Dismiss

Defendants contend that Plaintiff's claims regarding the December 2006 and May 2011 incidents are barred by res judicata because they have been previously litigated in prior actions before this Court. Plaintiff contends that the facts are new and that his cancer diagnosis presents new damages to be litigated.

Pursuant to the doctrine of res judicata, "'a valid, final judgment on the merits precludes parties or their privies from relitigating the same cause of action in a subsequent suit.'" *San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement System,* 568 F.3d 725, 734 (9th Cir. 2009). "Res judicata bars all grounds for recovery that could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *In re International Nutronics, Inc.*, 28 F.3d 965, 969 (9th Cir. 1994) citing *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir.1992). There are three requirements for res judicata to apply: "(1) the second lawsuit must involve the same cause of action as the first one, (2) there must have been a final judgment on the merits in the first lawsuit and (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit." *San Diego Police Officers' Ass'n,* 568 F.3d at 734. The party asserting res judicata

1 has the burden to demonstrate that its requirements are met. *Shapley v. Nevada Bd. of State Prison Comm'rs,* 766 F.2d 404 (9th Cir. 1985).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir. 2002)).

The Court takes judicial notice that on April 8, 2008, Plaintiff filed a first amended complaint against the City of El Cajon and M. Bevan in civil case number 07cv2090-JM-BLM before this Court. (07cv2090-JM-BLM; ECF No. 26). In that complaint, Plaintiff alleged that on December 8, 2006, Bevan attempted to murder Plaintiff with poison gas and that Bevan falsely arrested and imprisoned Plaintiff. Plaintiff alleged that Bevan kidnapped Plaintiff and vandalized Plaintiff's property. The Court takes judicial notice that on October 27, 2008, this Court dismissed the City of El Cajon and Bevan from that case with prejudice and without leave to amend because the first amended complaint failed to state a claim against those defendants. (07cv2090-JM-BLM; ECF No. 46).

The Court takes judicial notice that on July 22, 2011, Plaintiff filed a complaint against El Cajon police officers Elders and Johns, Ace Towing, and the Chief of Police for the City of El Cajon in civil case number 11cv1616-WQH-WVG before this Court. (11cv1616-WQH-WVG; ECF No. 1). In that complaint, Plaintiff alleged that on May 22, 2011, Officers Elders and Johns kidnapped, falsely arrested and imprisoned Plaintiff, robbed Plaintiff of his vehicle, assaulted Plaintiff, used excessive force against Plaintiff, and failed to investigate, supervise, or discipline officer misconduct. The Court takes judicial notice that on March 22, 2012, this Court dismissed Plaintiff's complaint in that case in its entirety as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). (11cv1616-WQH-WVG; ECF No. 25).

The causes of action asserted by Plaintiff in this case arise from the same transactions and are the same causes of action asserted in prior civil cases 07cv2090-JM-BLM and 11cv1616-WQH-WVG. Those prior cases involved the same plaintiff and defendants, and final judgments on the merits were issued in each case that dismissed the defendants and the

complaints. The final judgments issued in prior cases 07cv2090-JM-BLM and 11cv1616-WQH-WVG preclude Plaintiff from relitigating the same issues and causes of action in this suit. Accordingly, res judicata bars Plaintiff's present causes of action and Defendants' motion to dismiss should be granted.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants City of El Cajon and M. Bevan is GRANTED. (ECF No. 9).

DATED: July 9, 2012

**WILLIAM Q. HAYES**
United States District Judge